**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 53419**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>RUBEN D. VISQUERRA AGUILAR,<br><br>    Defendant-Appellant. | Filed:  August 6, 2026<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Joseph W. Borton, District Judge.

Judgment of conviction and aggregate sentence of thirty years, with a minimum period of incarceration of fifteen years, for three counts of sexual exploitation of a child, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; LORELLO, Judge
and FLEMING, Judge

---

PER CURIAM

    Ruben D. Visquerra Aguilar pleaded guilty to three counts of sexual exploitation of a child, Idaho Code § 18-1507(2)(b).  In exchange for his guilty plea, the remaining charges were dismissed and the State agreed to not file additional charges.  The district court imposed an aggregate sentence of thirty years, with a minimum period of incarceration of fifteen years.  Visquerra Aguilar appeals, contending his sentences are excessive.

    Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-

1

15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Visquerra Aguilar's judgment of conviction and sentences are affirmed.